# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CR409 |
| | ) | |
| V. | ) | |
| | ) | |
| DILANG DAT, THOMAS JONES-ROSS, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motions to sever filed by Defendants Dilang Dat ("Dat") and Thomas Jones-Ross ("Jones-Ross"). (Filings 53 & 64.) For the reasons explained below, the motions will be denied.

## BACKGROUND

Dat and Jones-Ross, along with Shane Seizys ("Seizys") and Emmanuel Chaplain ("Chaplain"), were charged in a seventeen count indictment. (Filing 1.) Seizys is charged with multiple counts of robbery and brandishing a firearm, as well as one count of being a felon in possession. Chaplain is charged with eight counts of robbery, three counts of brandishing a firearm, and one count of being a felon in possession. Jones-Ross is charged with one count of robbery, one count of brandishing a firearm, and one count of being a felon in possession. Dat is charged with two counts of robbery.

The charges in the indictment stem from a series of robberies which occurred in June and July, 2014. Allegedly, Seizys robbed two fast food restaurants on June 16, 2014. Seizys, along with Chaplain, allegedly robbed three automotive repair and maintenance shops on June 19, 2014, and a fast food store and an automotive parts store on June 23, 2014. Seizys, Chaplain and Jones-Ross allegedly robbed a gas and food shop on June 23, 2014. Seizys, Chaplain and Dat allegedly robbed a software game shop and fast food restaurant on July 16, 2014.

Dat and Jones-Ross have each filed motions to sever their trials from the other defendants, as well as from each other. Dat and Jones-Ross argue that they will be prejudiced by a joint trial because the indictment contains multiple charges which have nothing to do with them. In particular, Dat claims that he will be prejudiced because his co-defendants have prior felony convictions and are charged as being felons in possession. Jones-Ross likewise asserts that severance is necessary due to his co-defendants' prior convictions and the multitude of charges levied against his co-defendants. Jones-Ross further claims that the number of charges against his co-defendants will impair his ability to set forth a clear defense.

## DISCUSSION

Rule 8(a) of the Federal Rules of Criminal Procedure permits the government to charge multiple counts in a single indictment if "the offenses are of the same or similar character, based on the same act or transaction, or are parts of a common scheme or plan." *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). Rule 8(b) allows the government to charge two or more defendants in an indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).

Once it is determined that joinder is appropriate under Rule 8, Rule 14 of the Federal Rules of Criminal Procedure specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14. However, severance is only required when the prejudice caused by a joint trial is "severe or compelling." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005).

Dat and Jones-Ross argue that some of the evidence the government will use at trial in an effort to convict their co-defendants will subject them to unfair prejudice. Initial discovery in this case shows that Seizys and Chaplain wore ankle monitoring bracelets with GPS tracking devices as a result of being on parole or probation. This discovery indicates that Seizys and Chaplain were at or near the locations of the robberies that took place in June,

2014. Dat and Jones-Ross claim that this evidence will have a negative "spill-over" effect on them. They assert that the jury will be unable to compartmentalize this evidence and reach a verdict in their cases without considering the alleged acts and behavior of their co-defendants. They further argue that their respective conduct pales in comparison to that of their co-defendants.

The motions to sever filed by Dat and Jones-Ross will be denied. Here, it is apparent that joinder of both the offenses and defendants is proper under Fed. R. Crim. P. 8. Dat and Jones-Ross are charged in commercial robberies allegedly involving Seizys and Chaplain, which were conducted in a similar manner, over a period of a month. The Court is not convinced that any prejudice potentially caused by the introduction of evidence relating to the behavior of co-defendants, or the multitude of charges levied against those co-defendants, is so severe or compelling as to merit severance under Fed. R. Crim. P. 14. "It does not matter that there may be varying strength in the evidence against each defendant." *United States v. Dierling*, 131 F.3d 722, 734 (8th Cir. 1997). "Disparity in the weight of the evidence as between . . . parties does not entitle one to severance." *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992). Severance is only necessary "where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate defendants." *United States v. Faul*, 748 F.2d 1204, 1217 (8th Cir. 1984) (quotation omitted). Here, there is no evidence that any prejudice resulting from a joint trial could not be cured by proper limiting instructions.

Accordingly,

**IT IS ORDERED** that Dat's Motion to Sever (filing 53) and Jones-Ross's Motion to Sever (filing 64) are denied.

**DATED February 25, 2015.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**