IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:14CR409 |
|---|---|
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| DILANG DAT, | |
| Defendant. | |

This matter is before the Court on the Defendant's Motion to Alter or Amend Order, ECF No. 347, in which the Defendant asks the Court to reconsider its Order, ECF No. 343, denying, without prejudice, his pro se Motion to Vacate under 28 U.S.C. §2255, ECF No. 342 (the "§2255 Motion"). In the Court's Order, it was noted that Defendant Dilang Dat ("Dat") was represented by retained counsel who was actively engaged in the proceedings. Dat's retained counsel has since filed a motion to withdraw, and that motion has been granted. Accordingly, the Court will grant Dat's Motion to Alter or Amend, and will deem Dat's pro se §2255 Motion resubmitted and timely filed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Dat pled guilty to Count XIII of the Superseding Indictment, charging him with a violation of 18 U.S.C. § 1951. The Court accepted Dat's guilty plea and the plea agreement, in which the parties stipulated to a sentence of 78 months incarceration, and a term of supervised release to be determined by the Court, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In the plea agreement, the parties also stipulated that Dat participated in the robbery of a KFC that was the subject of Count XIV of the Superseding Indictment and that his conduct in connection with Count XIV would be considered for purposes of determining the applicable guideline range and

restitution as if he had entered a plea of guilty to Count XIV, although both Count XIV and County XVIII of the Superseding Indictment would be dismissed as to Dat at the time of the sentencing. In the plea agreement, Dat waived his right of appeal and collateral attack, except with respect to claims of ineffective assistance of counsel, or circumstances in which the Supreme Court or the United States Court of Appeals were to determine that the charge to which Dat pled guilty did not constitute a crime.

On June 20, 2016, Dat was sentenced to a term of 78 months incarceration and three years of supervised release. He was also ordered to pay restitution in the amount of $1,821.25, and a special assessment of $100.00. Judgment was entered on June 20, 2016.

## DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In his § 2255 Motion, Dat raises three grounds for relief. First, he contends that his retained counsel was ineffective for failing to inform him that he could suffer deportation consequences as a result of his guilty plea. Second, he contends that his retained counsel was ineffective for failing to move to suppress evidence in connection with a search leading to his arrest and prosecution. Third, he contends that his retained

2

counsel was ineffective for failing to object to the imposition of restitution related to the KFC robbery.

In order to establish ineffective assistance of counsel, Dat must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. Id. at 687.

**Ground One: Counsels' Alleged Failure to Advise of Immigration Consequences**

Dat's Plea Agreement, ECF No. 214, which he signed and dated on March 9, 2016, contains the following statement: "Defendant acknowledges that there are or may be collateral consequences to any conviction to include but not limited to immigration . . . ." *Id*. at Page ID 679. Dat was asked the following question in his Petition to Enter a Plea of Guilty, ECF No. 213, Page ID 667: "Do you understand that . . . in most federal felony cases, if you are not a U.S. citizen your guilty plea will result in your permanent removal from the United States?" Dat marked the response, "Yes." He signed and dated the Petition on March 11, 2016. At the time of his plea, on March 14, 2016, he confirmed under penalty of perjury that all the answers in his Petition were truthful. He also stated, under oath, that he was aware of the fact that his conviction in this case could affect his immigration status. Accordingly, the Court finds Dat's first ground for relief to be without merit.

**Ground Two: Counsel's Failure to File a Motion to Suppress**

Dat does not fault his retained counsel for the failure to file a motion to suppress. He notes that she was on the case for a short time before Dat decided to enter his guilty plea, and he did not ask her to file any motion to suppress. Instead, Dat faults his earlier court-appointed counsel for the failure to file a motion to suppress.

At the time of Dat's plea, he acknowledged, under oath, that he understood he was giving up his right to challenge the manner in which the government obtained its evidence against him, including the manner in which he was searched or questioned. The Court finds that Dat knowingly and voluntarily waived any objections or complaints regarding his former counsel's alleged failure to file a motion to suppress.

The Court also finds that any failure on the part of counsel to file a motion to suppress did not prejudice Dat's defense. As Dat acknowledges, his three co-defendants, Emmanuel Chaplain, Shane Seizys, and Thomas Jones-Ross, all moved to suppress evidence leading to their arrest and prosecution. The motions of Chaplain and Seizys concerned the search of the Mustang vehicle, and seizure of evidence within that vehicle, that Dat now contends his court-appointed lawyer should have contested through a motion to suppress. The Court accepted the Findings and Recommendation of the Magistrate Judge regarding the motions to suppress, and denied the motions. See Findings and Recommendation, ECF No. 145, and Memorandum and Order, ECF No. 161, which the Court incorporates herein by reference.

The only fact that differentiates Dat from his co-defendants Chaplain and Seizys with respect to the merits of any motion to suppress is the officers' seizure of the

Mustang key from Dat's possession. Dat acknowledges that the officers had ample grounds to conduct a stop and frisk of his person under *Terry v. Ohio*, 392 U.S. 1, 30 (1968). He contends, however, that the officers did not have probable cause to believe the key was incriminating evidence. He refers the Court to *United States v. Craddock*, 841 F.3d 756 (8th Cir. 2016), in which the Court of Appeals found that an officer did not have probable cause to associate a key fob with criminal activity when the officer stopped and frisked an individual standing on a sidewalk in the vicinity of a stolen vehicle.

The record of the hearing on the Chaplain and Seizys motions to suppress shows that officers stopped Dat, Seizys, and Chaplain within three minutes of the KFC robbery, because they matched the general description of the robbers and were found in the area where witnesses said the robbers had fled. Chaplain ran from the officers, but Dat and Seizys were placed on the ground and searched. Over $200.00 in crumpled currency was found in Dat's pocket, as well as the key. Similar crumpled currency was found on Seizys. The key matched the Mustang vehicle near the KFC that witnesses had seen the robbers access to change shirts after the robbery.

The facts available to the officers at the time of the search would lead a person of reasonable caution to believe that there was probable cause to associate the key with criminal activity, and that the key was useful as evidence of a crime. See *Craddock*, 841 F.3d at 759. The facts also demonstrate that the investigation would have led to the discovery of evidence within the Mustang by other lawful means, even if the key had not been seized from Dat. Accordingly, the inevitable discovery doctrine applies. *Id.* at 760.

Accordingly, the Court finds Dat's second ground for relief to be without merit.

**Ground Three:  Counsel's Failure to Object to Restitution for KFC Robbery**

Although Dat pled guilty only to Count XIII of the Superseding Indictment, his Plea Agreement provided: "Defendant agrees to admit and stipulate to the conduct charged in Count XIV of the Superseding Indictment as though a plea of guilty had been entered for purposes of determining the applicable advisory guidelines imprisonment range and restitution."  ECF No. 214, Page ID 677.  "[T]he defendant although not entering a plea of guilty agrees and stipulates that he participated in the following robbery:  a. Count XIV – KFC."  *Id*. at Page ID 678.  "The Defendant acknowledges restitution will be ordered as part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or establishments for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or establishment is a victim of the offense of conviction.  As such, it is understood the Defendant will be ordered to pay restitution to the following persons or establishments:  Game Stop, 9959 Redick Circle [and] KFC, 7601 No. 30th Street [and] A.K., an individual known to the defendant and the probation office through discovery."  *Id*. at Page ID 680.

In his Petition to Enter a Plea of Guilty, Dat acknowledged that he understood the judge was required to take into account all conduct, circumstances, and injuries associated with his criminal conduct, whether or not the conduct was charged by the government in the crime to which he was pleading guilty.  At the time of Dat's plea hearing, counsel for the government reiterated the fact that Dat agreed to stipulate to the conduct charged in Count XIV as though he had pled guilty to that charge, for

6

purposes of the imposition of restitution. Dat acknowledged that agreement under oath. At the time of sentencing, restitution was imposed for the amounts of loss related to Count XIII and Count XIV of the Superseding Indictment, per the Plea Agreement and consistent with the calculations presented in the Presentence Investigation Report and the Sentencing Recommendation. Dat was given an opportunity to address the Court on any matters related to the sentencing, including restitution, and he stated, "No, there is nothing further, your Honor." ECF No. 338, Page ID 2252, lines 6-9.

In the Judgment, the restitution was apportioned among the victims of Count XIII and Count XIV in accordance with the victims' respective losses. Dat was given credit for amounts recovered by law enforcement, and such payments were also apportioned among the victims in accordance with the amounts of their losses. His restitution obligation was made joint and several with his two co-defendants involved in the robberies that led to the charges in Counts XIII and XIV of the Superseding Indictment.

Accordingly, the Court finds Dat's third ground for relief also lacks merit.

## CONCLUSION

Dat has not satisfied either the performance prong or the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). He has failed to demonstrate that his counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. He has also failed to demonstrate that counsel's performance prejudiced his defense.

IT IS ORDERED:

7

1. The Motion to Alter of Amend, ECF No. 347, filed by Defendant Dilang Dat, is granted;

2. The Court deems the Defendant's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 342, to be resubmitted and timely filed;

3. The Defendant's Motion to Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 342, is summarily dismissed;

4. A separate Judgment will be entered; and

4. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 21st day of August, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge