IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DILANG DAT,<br><br>                Defendant. | 8:14-CR-409<br><br>**MEMORANDUM AND ORDER ON MOTION TO VACATE UNDER 28 U.S.C. § 2255** |

## I.   INTRODUCTION

This matter is before the Court on Defendant Dilang Dat's Motion to Vacate Under 28 U.S.C. § 2255. Filing 526. The current Motion is Defendant's second attempt to obtain habeas relief. *See* Filing 342. For the reasons stated herein, the Motion is denied without prejudice.

## II.   BACKGROUND

On March 14, 2016, Defendant pleaded guilty to robbery in violation of 18 U.S.C. § 1951. Filing 170 at 4–5; Filing 216 (text minute entry). The Court[1] sentenced Defendant on June 20, 2016, to 78 months of imprisonment and ordered him to pay $1,821.25 restitution. Filing 262 (text minute entry); Filing 268. Defendant never filed a direct appeal. On June 21, 2017, Defendant filed a *pro se* habeas petition under 28 U.S.C. § 2255 in which he asserted three grounds in support of vacating his conviction: (1) ineffective assistance of counsel for failing to advise him of immigration consequences; (2) ineffective assistance of counsel for failing to file a motion to suppress; (3) ineffective assistance of counsel for failing to object to the restitution order. Filing 342 at 4–6. The Court denied Defendant's petition.

---

[1] Judge Laurie Smith Camp sentenced Defendant. After her passing, this case was reassigned to the undersigned judge for disposition.

1

On appeal, the Eighth Circuit Court of Appeals reversed the Court's denial of Defendant's habeas petition as to Defendant's claim that his counsel was ineffective for failing to advise him that pleading guilty could subject him to deportation, holding that the Court erred for failing to hold an evidentiary hearing on the issue. Filing 402 at 1–8; *Dat v. United States*, 920 F.3d 1192 (8th Cir. 2019). On remand, the Court held an evidentiary hearing and again denied Defendant's habeas petition, finding that Defendant's counsel informed him he would be subject to deportation due to his plea of guilty and never assured him he would not be deported. Filing 426 at 1–13. On December 29, 2020, the Eighth Circuit affirmed. Filing 475 at 1–6; *Dat v. United States*, 983 F.3d 1045 (8th Cir. 2020). Defendant filed the current Motion to Vacate under 28 U.S.C. § 2255 on October 11, 2022. Filing 526.

### III.   DISCUSSION

In his second habeas petition, Defendant claims that "newly discovered evidence from the record" shows that his counsel misadvised him about deportation consequences to pleading guilty. Filing 526 at 4. His petition vaguely states that "2016 Inmate Phone Recordings" preserved the "affirmative misadvice [sic] or reversable error" by his counsel. Filing 526 at 4. He also reasserts the same grounds included in his first habeas petition: that his counsel was ineffective for failing to move to suppress evidence and for failing to object to the restitution order.[2] Filing 526 at 7–8.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(B) ("A motion in the court of appeals for an order authorizing the district court

---

[2] The Court notes that, although Defendant's current counsel purportedly filed this petition, it is very similar in substance to Defendant's original habeas petition. *Compare* Filing 342 at 6 (stating that "Mr. Dat was convicted of one robbery offense which was the robbery of Game Stop in Omaha. However, the PSR added restitution for the robbery of KFC. The calculation was erroneous.", *with* Filing 526 at 8 (stating that "Mr. Dat was convicted of one robbery offense which was teh [sic] robbery of Game Stop in Omaha. However, the PSR added restitution for the robbery of the KFC. The calculation was erroneous.").

2

to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."). A second habeas petition must contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or point to "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at § 2255(h)(1)–(2). As the Eighth Circuit has explained, "Under 28 U.S.C. § 2244(b)(3)(A), [a petitioner] must receive our authorization in order for the district court to consider such [a second or successive] application." *Cox. v. Norris*, 167 F.3d 1211, 1212 (8th Cir. 1999). "Thus, the statute specifically reposes in the Eighth Circuit Court of Appeals the jurisdiction to decide whether leave to file a second or successive petition should be granted . . . .". *Chadwick v. Graves*, 110 F. Supp. 2d 1110, 1114 (N.D. Iowa 2000).

When the petitioner has failed to obtain authorization from the Court of Appeals before filing a second or successive habeas petition, the district court lacks jurisdiction to consider the petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that the district court was without jurisdiction to entertain the petitioner's second habeas petition when the petitioner failed to obtain authorization from the court of appeals); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (holding that district court correctly determined it lacked jurisdiction to consider a successive habeas petition). Defendant has failed to seek authorization from the Court of Appeals before filing his second habeas petition. Thus, the Court is without jurisdiction to entertain it. The Court will dismiss the petition without prejudice so that Defendant can seek authorization from the Eighth Circuit pursuant to 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). Accordingly,

4

IT IS ORDERED that Defendant's Motion to Vacate Under 28 U.S.C. § 2255, Filing 526, is dismissed without prejudice.

Dated this 9th day of November, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

4