IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> vs.<br><br>DILANG DAT,<br><br>     Defendant. | 8:14CR409<br><br>ORDER |

   This matter is before the Court on defendant Dilang Dat's motion (Filing No. 549) requesting the Clerk of Court provide him with a copy of the docket sheet in this case without payment of costs because he is indigent.

   On December 9, 2014, Dat was indicted for two counts of robbery under 18 U.S.C. § 1951, and one count of brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924. (Filing No. 1). On March 14, 2016, pursuant to a plea agreement, Dat entered a plea of guilty to one robbery count contained in a superseding indictment. The plea agreement provided for a stipulated sentence of 78 months incarceration and a term of supervised release to be determined by the Court. On June 20, 2016, Dat was sentenced to a term of 78 months incarceration and three years of supervised release. (Filing Nos. 213-217, 268). Dat's conviction and sentence have been upheld by this Court and by the Eighth Circuit Court of Appeals following postconviction proceedings. See Filing Nos. 476-477.

   On January 26, 2022, Dat was arrested by the Omaha Police Department following the execution of a search warrant at his shared residence, resulting in the recovery of a firearm. Dat was charged in state court with being a felon in possession of a firearm. Because Dat was under supervised release in this case, a petition for noncompliance with his conditions[1] of supervised release was issued. (Filing No. 493). On June 14, 2022, a federal grand jury returned an Indictment charging Dat with being a felon in possession of a handgun, also arising out of the January 26, 2022, search of his shared residence. See Filing No. 1 in Case No. 8:22CR147. That

---

[1] Specifically, the mandatory conditions that he "not commit another federal, state, or local crime," and that he "not possess a firearm," and the standard condition that he notify his probation officer within 72-hours of arrest. (Filing No. 493).

charge remains pending. The final disposition regarding the petition for noncompliance in this case is being held in abeyance pending the conclusion of the proceedings in Case No. 8:22CR147. See Filing No. 527.

Dat has chosen to proceed without counsel both in this case and in his separately pending case, 8:22CR147. Dat filed the instant request for a free copy of the docket sheet to allow him "to cite specific filing numbers for future briefs or correspondences related to the case." However, a criminal defendant does not have a right to obtain copies of court filings without payment. And, even if a defendant is indigent, [2] he is not automatically entitled to free copies of court documents. In this case, the final disposition of the petition for noncompliance is being held in abeyance. In his pending criminal case, Dat's prior counsel already filed pretrial motions, and Dat has now filed a motion to dismiss on constitutional grounds; the pretrial motion deadline has otherwise expired. Under the circumstances, the Court is not inclined to order a copy of the docket sheet in this case at the government's expense. Dat may pay for the requested copy of the docket sheet at the established rate of 50¢ per page. Accordingly,

**IT IS ORDERED** that defendant Dilang Dat's motion (Filing No. 549) requesting copies without payment of costs is denied. The defendant may pay the Clerk of the Court for copies at the established rate of 50¢ per page.

Dated this 6th day of March, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[2] Dat has not filed an affidavit as required under 28 U.S.C. § 1915(a)(1), so the Court has not determined he is indigent.