IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DILANG DAT,<br><br>Defendant. | **8:14–CR–409**<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR LEAVE TO FILE OBJECTIONS** |

This matter is before the Court on Defendant Dilang Dat's *pro se* Motion for Leave to File Objections. Filing 551. Dat currently has multiple matters pending before this Court. Dat was indicted in Case No. 8:22–CR–147 and is alleged to have unlawfully possessed a firearm based upon his status as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). That case is pending. With respect to the above-captioned case, 8:14–CR–409, a "Petition for Warrant or Summons for Offender Under Supervision" has been filed. Filing 493. This Petition sets forth three allegations asserting that Dat violated conditions of his supervised release in Case No. 8:14–CR–409. Filing 493 at 2. The instant Motion relates to the Petition in Case No. 8:14–CR–409.

Dat requests the following relief: "Leave to file objections to the Petition for Warrant or Summons for Offender Under Supervision (filing no. 493) and the Order of Detention (filing no. 502), on grounds for lack of subject matter jurisdiction and prejudice." Filing 551 at 1. Dat goes on to say in his Motion "that the Petition lacks foundation to support the initial probable cause finding due to material changes in a state prosecution that was dismissed without any convictions against the Defendant." Filing 551 at 2. He also asserts "that the Petition and Plaintiff lack subject matter jurisdiction based on evidence of Defendants [sic] deportation order and immigration status

as a deportable alien pending removal under custody-supervision of immigration officials." Filing 551 at 2.

While the underlying basis for Dat's jurisdictional argument is difficult to follow, jurisdiction is ultimately a matter that can be raised at any time. *See United States v. Hacker*, 450 F.3d 808, 814 (8th Cir. 2006) (explaining that although the defendant did not contest the district court's jurisdiction at that time it revoked his term of supervised release, that issue was still properly before the appellate court because "jurisdictional questions such as this one may be raised any time"). Dat has not yet asked this Court to resolve a jurisdictional argument; he has only asked for leave to raise such an argument—something that he did not have to do in light of Eighth Circuit caselaw. Accordingly, the Court will grant his Motion to the extent he seeks to raise a jurisdictional challenge in this case. The Court stresses that this does not mean it agrees with Dat's position on whether jurisdiction is proper. In fact, the Court cannot think of any jurisdictional challenge that would have any merit whatsoever.

As for Dat's argument that the Petition "lacks foundation and probable cause[,]" Filing 551 at 2, the Court disagrees. Dat waived his preliminary hearing on the Petition over two years ago, and the United States Magistrate Judge found probable cause at that time. *See* Filing 498 (Text Minute Entry dated February 7, 2022). Whether the State of Nebraska is pursuing charges against Dat based on the allegations in the Petition makes no difference. To the extent Dat attempts at this stage to challenge the "foundation" or "probable cause" of the Petition, Filing 493, such challenges lack merit. Dat, of course, remains entitled to deny these allegations and to have a hearing on these allegations. Therefore,

IT IS ORDERED:

1. Dat's Motion for Leave to File Objections, Filing 551, is granted in part and denied in part;
2. Dat may submit matters for this Court's consideration regarding whether jurisdiction is proper; and
3. To the extent Dat challenges the "foundation" or probable cause" of the Petition, Filing 493, his challenges are without merit and he is entitled to no relief on such bases.

Dated this 20th day of March, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge